M. STODDART AND OTHERS V. J. H. GARNHART.

1. When a defendant had been notified to produce a certain paper at the trial, it was his duty to have filed it in the cause, or else to have so arranged that it would be forthcoming when called for at the trial; and under such circumstances it was not error to refuse him a continuance on the showing of his counsel that the paper was material to the defense, but that it was in the possession of the defendant, and he was absent on business, not expecting the case to be called for tria so soon.

2. A continuance was asked on account of the absence of a witness who, according to the showing, lived in the county and had been subpœnaed; but the name of the witness was not given in the showing. *Held*, that the continuance was properly refused. The name being known, it should have been stated, so that the court could judge of the diligence exercised.

ERROR from Galveston.    Tried below before the Hon. George E. Mann.

In the most importannt features, this case is identical with that of Stoddart v. McMahan, *ante* 267, so far as the questions arising upon the allegation of Stapp's partnership are concerned.  No attachment was sued out in this case.

The action was upon an undated acceptance of Stoddart & Burk of a draft on them for nine hundred and seventy-nine dollars and fifty-four cents, drawn by Garnhart on the twelfth of December, 1867, and payable to his own order sixty days after date.

There being no evidence supplying a date to the acceptance, nor showing special authority by Stapp for its execution, his counsel asked the court below to instruct the jury that in default of such evidence their verdict should exonerate Stapp.  The charge was refused, and this refusal is one of the errors assigned. It will be observed that though this court sustains the

ruling of the court below in this respect, it does so in view of the proofs in the cause and the entire character of the case, and not because the charge is not abstractly correct; and this accounts for the fact that no head-note is formulated on this ruling.

The opinion sufficiently discloses the showing made for a continuance by the the counsel for Stapp.

The jury found specially that Stapp was a partner in the firm of Stoddart & Burk, and returned a general verdict for the amount of the acceptance and interest. There was judgment accordingly.

The defendant's motion for a new trial was over-ruled.

*Flournoy & Sherwood*, and *J. Z. H. Scott*, for the plaintiffs in error.

*Ballinger, Jack & Mott*, for the defendant in error.

OGDEN, J.—Most of the questions raised by the assignment in this cause have been decided in the case No. 496 and 497, M. Stoddart *et al.* v. J. H. McMahan, at this term, and which need not now be noticed.

We think the court did not err in overruling the motion for a continuance. It was the duty of the defendant Stapp, after having been served with a notice to produce a certain paper, to have filed the same in the cause, or see to it that the same was produced when called for; and on failure to do so, he was not entitled to a continuance for the non-production of a writing in his own possession.

The affidavit for a continuance is also defective in not setting out the name of the witness for whose testimony the continuance was sought. If the witness resided in the county, and had been duly subpœnaed, most cer-

tainly the name might have been given in the affidavit, that the court might have been assured that the requisite diligence had been used to procure the testimony of that specific witness.

We think, that under all the proof of this case, the charge asked by the defendants was properly refused by the court. And not being able to say that the verdict of the jury and the judgment of the court were manifestly against the weight of evidence, or the law of the case, we do not feel authorized to disturb either ; and the judgment is therefore affirmed.

AFFIRMED.